IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERICK RANDALL SANDERS,

    Plaintiff,

vs.

SHERIFF'S DEPUTY MIXON,

    Defendant.

No. C 14-01298 YGR (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Erick Randall Sanders, a state prisoner currently incarcerated at San Quentin State Prison, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

For the reasons outlined below, the complaint is DISMISSED WITH LEAVE TO AMEND.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal

quotation marks omitted).  Although in order to state a claim, a complaint

> does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations and internal quotation marks omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 570.

**II.    Legal Claims**

In his complaint, Plaintiff names one Defendant, Alameda County Sheriff's Deputy Mixon.  Plaintiff has left the space under "Statement of Claim" blank.  Instead, under the "Relief" section, he asserts the following statement: "Assault charges against him 10 million dollars."  (Compl. at 3.)  This is the only allegation; no more facts are provided.  Such a bare allegation is, of course, not sufficient to state a "plausible" claim that Plaintiff's constitutional rights were violated.  *See Twombly*, 550 U.S. *at 570.*  The complaint will be dismissed with leave to amend.

In amending, Plaintiff should provide enough facts to explain, for instance, in what way and by whom he was assaulted.  He should also explain when and where the assault took place, and elaborate on whether he suffered injuries as a result of the assault.  The Court considers only claims of violations of federal law, usually the constitution, so Plaintiff must allege facts sufficient to show that the action he is complaining of rises to the level of a constitutional violation.

The Court again notes that only Defendant Mixon is named in the complaint.  If Plaintiff is attempting to hold an individual liable, he must allege facts showing what that individual did that violated his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's" actions which violated his or her rights).  There is no respondeat superior liability in Section 1983 cases; therefore a supervisor cannot be held liable just because he or she is in charge.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.    The complaint is DISMISSED WITH LEAVE TO AMEND.  Within **twenty-eight**

2

1  **(28) days** from the date of this Order, Plaintiff shall file a amended complaint correcting the
2  deficiencies of his claims as set forth above.  Plaintiff must use the attached civil rights form, write
3  the case number for this action -- Case No. C 14-1298 YGR (PR) -- on the form, clearly label it
4  "Amended Complaint," and complete all sections of the form.  Because this amended complaint
5  completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to
6  present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992);
7  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814
8  (9th Cir. 1981).  He may not incorporate material from the original complaint by reference.  He must
9  also specify whether he exhausted or was prevented from exhausting his administrative remedies
10 with respect to any or all of those claims before filing this action.  **Plaintiff's failure to file an**
11 **amended complaint by the twenty-eight day deadline will result in the dismissal of this action**
12 **without prejudice.**
13         2.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
14 informed of any change of address and must comply with the Court's orders in a timely fashion.
15 Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
16 while an action is pending must promptly file a notice of change of address specifying the new
17 address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
18 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
19 (2) the Court fails to receive within sixty days of this return a written communication from the *pro se*
20 party indicating a current address.  *See* L.R. 3-11(b).
21         3.      Extensions of time are not favored, though reasonable extensions will be granted.
22 Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the
23 deadline sought to be extended.
24         4.      The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy
25 of this Order.
26         IT IS SO ORDERED.
27 DATED:  May 5, 2014
            **YVONNE GONZALEZ ROGERS**
28          **UNITED STATES DISTRICT COURT JUDGE**

**United States District Court**
For the Northern District of California