IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK RANDALL SANDERS, | No. C 14-01298 DMR (PR) |
| Plaintiff, | **ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| vs. | |
| SHERIFF'S DEPUTY MIXON, et al., | |
| Defendants. | |

Plaintiff Erick Randall Sanders, a state prisoner currently incarcerated at San Quentin State Prison, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

On May 5, 2014, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend within twenty-eight days.

On May 13, 2014, Plaintiff filed an amended complaint. Dkt. 12. On the same date, Plaintiff consented to magistrate judge jurisdiction in this matter. Dkt. 12 at 4. Therefore, this action was reassigned to the undersigned magistrate judge. Dkt. 16.

Venue is proper because a substantial part of the events giving rise to the action occurred in Alameda County, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons outlined below, the amended complaint is DISMISSED WITH LEAVE TO AMEND.

**DISCUSSION**

**I.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although in order to state a claim, a complaint

> does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations and internal quotation marks omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

**II.     Legal Claims**

In its May 5, 2014 Order, the Court stated as follows:

> In his complaint, Plaintiff names one Defendant, Alameda County Sheriff's Deputy Mixon. Plaintiff has left the space under "Statement of Claim" blank. Instead, under the "Relief" section, he asserts the following statement: "Assault charges against him 10 million dollars." (Compl. at 3.) This is the only allegation; no more facts are provided. Such a bare allegation is, of course, not sufficient to state a "plausible" claim that Plaintiff's constitutional rights were violated. *See Twombly*, 550 U.S. *at 570.* The complaint will be dismissed with leave to amend.
>
> In amending, Plaintiff should provide enough facts to explain, for instance, in what way and by whom he was assaulted. He should also explain when and where the assault took place, and elaborate on whether he suffered injuries as a result of the assault. The Court considers only claims of violations of federal law, usually the constitution, so Plaintiff must allege facts sufficient to show that the action he is complaining of rises to the level of a constitutional violation.

Dkt. 11 at 2.

In Plaintiff's allegations in the amended complaint, he has added more facts as follows:

1 I was assaulted by Sheriff's Deputy Mixon. [He] kicked [me] in my back lower spine area[,]
2 grab[bed] me with both hand[s] [and] choke[d] me . . . attempted [to] murder me." Dkt. 12 at 3.
3 Plaintiff adds that Defendant Mixon "crack[ed] [his] back]," and Plaintiff has "serious injur[ies]."
4 *Id.* at 3. To be sure, if Plaintiff was a post-arrest, pre-arraignment detainee at the time of the
5 incident, Defendant Mixon's alleged use of force is governed by the Fourth Amendment. *See Pierce*
6 *v. Multnomah County, Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996). The Fourth Amendment
7 reasonableness standard applies to allegations of use of excessive force against an arrestee while
8 detained in custody post-arrest but pre-arraignment. *See Pierce*, 76 F.3d at 1043; *cf. Graham v.*
9 *Connor*, 490 U.S. 386, 395 n.10. (1989) (post-arraignment pretrial detainee protected from use of
10 excessive force by Due Process Clause of Fourteenth Amendment). Here, however, Plaintiff has
11 failed to allege *when* the event occurred, *where* it occurred, and *his custody status* -- whether he was
12 a post-arrest, pre-arraignment detainee or a post-arraignment pretrial detainee -- at the time of the
13 incident. Without this information, the Court cannot assess whether to apply the reasonableness
14 standard from the Fourth Amendment or the Due Process Clause of Fourteenth Amendment to
15 Plaintiff's allegations of use of excessive force.

16 Furthermore, in his amended complaint, Plaintiff indicates that he wishes to sue Defendant
17 Mixon and "Sheriff's Deputy Fredicson." Dkt. 12 at 2. As mentioned above, Plaintiff has included
18 allegations explaining what Defendant Mixon did to contribute to the alleged use of excessive force.
19 *Id.* at 3. However, Plaintiff has failed to allege what Defendant Fredicson did to contribute to the
20 alleged use of excessive force. To state a cognizable claim against individual defendants, Plaintiff
21 must "set forth specific facts as to each individual defendant's" role in depriving him of his protected
22 rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (sweeping conclusory allegations
23 will not suffice; plaintiff must instead "set forth specific facts as to each individual defendant's"
24 actions which violated his or her rights). Furthermore, liability may be imposed only if Plaintiff can
25 allege and show that the defendant actually and proximately caused the deprivation of a federally
26 protected right. *See id.* Finally, there is no respondeat superior liability in Section 1983 cases;
27 therefore a supervisor cannot be held liable just because he or she is in charge. *See Taylor v. List*,
28 880 F.2d 1040, 1045 (9th Cir. 1989).

3

Plaintiff will be given leave to amend the complaint to set forth additional facts regarding the alleged use of force, and to set forth specific facts showing that Defendant Fredicson's actions proximately caused a violation of Plaintiff's constitutional rights, provided he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The amended complaint is DISMISSED WITH LEAVE TO AMEND. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file a second amended complaint correcting the deficiencies of his claims as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 14-1298 DMR (PR) -- on the form, clearly label it "Second Amended Complaint," and complete all sections of the form. Because this amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original and amended complaints by reference. He must also specify whether he exhausted or was prevented from exhausting his administrative remedies with respect to any or all of those claims before filing this action. **Plaintiff's failure to file a second amended complaint by the twenty-eight day deadline will result in the dismissal of this action without prejudice.**

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3. Extensions of time are not favored, though reasonable extensions will be granted.

4

Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

    4.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: June 16, 2014

DONNA M. RYU
United States Magistrate Judge