UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK RANDALL SANDERS, | No. C 14-1298 SI (pr) |
|     Plaintiff, | **ORDER OF SERVICE** |
|     v. | |
| Sheriff's Deputy MIXON, | |
|     Defendant. | |

## INTRODUCTION

Erick Randall Sanders, currently an inmate at the California Men's Colony in San Luis Obispo, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint and amended complaint were dismissed with leave to amend before this action was reassigned to the undersigned. His second amended complaint (Docket # 20) is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A.   <u>Review of Second Amended Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his second amended complaint, plaintiff alleges that Alameda County Sheriff's Deputy Mixon used force on him while he was housed in the 9-Block housing unit in the "green psych dorm." Docket # 20 at 3. Deputy Mixon allegedly kicked plaintiff in the lower back, grabbed him with both hands and choked him. Deputy Mixon's actions "crack[ed plaintiff's] back hip area." *Id.* An inmate grievance response attached to the second amended complaint states that the alleged use of excessive force occurred on February 20, 2014. *Id.* at 6.

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). The Eighth Amendment's prohibition of cruel and unusual punishments protects a convict from force used maliciously and sadistically for the very purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Liberally construed, the second amended complaint states a cognizable § 1983 claim against defendant deputy Mixon for excessive force, regardless of whether the claim arises under the Eighth or Fourteenth Amendment.

The second amended complaint does not state a claim against Alameda Sheriff's Deputy Fredicson because there are no allegations that he played any role in the use of force. Further leave to amend will not be granted because the court already explained to plaintiff that he needed to allege what this defendant "did to contribute to the alleged use of excessive force," Docket # 18 at 3, and plaintiff alleged nothing about this defendant in his second amended complaint. Defendant Fredicson is dismissed from this action.

The second amended complaint does not state a claim against the other listed defendant, the Alameda County Santa Rita Jail. The jail is a place, and does not appear to be an entity that may be sued. If plaintiff intended to sue the Alameda County Sheriff's Department as the operator of the jail, the defendant would have to be dismissed because there are no allegations

2

1 against it. Neither the jail nor the Sheriff's department have § 1983 liability simply because
2 Deputy Mixon worked there. There is no respondeat superior liability under § 1983, i.e. no
3 liability under the theory that one is responsible for the actions or omissions of an employee.
4 *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

B.  <u>Miscellaneous Matters</u>

In a letter to the court, plaintiff stated that he wants a "serious break" on his sentence because he was beaten up by the man into whose backyard he intruded. Docket # 23 at 2. He also stated in that letter that he would drop the action against deputy Mixon as well as his contemplated action against the man who beat him up if this court would "knock down [his] sentence." *Id.* Plaintiff misunderstands the litigation process: nothing that occurs in this action will affect his sentence from state court. If he prevails in this action, he might obtain a monetary award, but this court will not shorten his state court sentence or order him released from custody.

If plaintiff wants to pursue an action against the person into whose backyard he intruded, he must file a new action in state court. This court is not suggesting that such an action would have any merit, but simply is identifying the proper court for plaintiff.

If plaintiff wants to challenge his state court conviction or sentence in federal court, he may file a petition for writ of habeas corpus after he exhausts state court remedies for each and every claim he wishes to present to the federal court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

In another letter, plaintiff asks when he "will be going out to courts on this matter." Docket # 25 at 1. There is no scheduled hearing date in this action that requires plaintiff's physical presence in this court. This order sets a briefing schedule for motions for summary judgment and dispositive motions that may be filed. Plaintiff and defendant will submit written briefs for such a motion, and usually the court decides these kinds of motions without need for

3

an oral hearing. That is why it is especially important for plaintiff to fully and coherently present his case in his opposition brief to any motion.

**CONCLUSION**

1. The second amended complaint, liberally construed, states a cognizable claim under § 1983 against Alameda County Sheriff's Deputy Mixon for the use of excessive force. All other defendants and claims are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the second amended complaint and a copy of all the documents in the case file upon Alameda County Sheriff's Deputy Mixon, who apparently works at the Alameda County Santa Rita Jail.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **October 31, 2014**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the court prior to the date the motion is due. If defendant files a motion for summary judgment, defendant must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **November 28, 2014**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

   c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **December 12, 2014**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

4

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed.  As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard any document which a party files but fails to send a copy of to his opponent.  Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

5

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 3, 2014

                                                     SUSAN ILLSTON
                                         United States District Judge